■ In the Matter of William M. McLaughlin, Respondent, v Joseph Spinnato et al., Appellants. — Judgment, Supreme Court, New York County (Robert White, J.), entered October 4, 1983, granting the petition, directing appellants to recompute petitioner's unused and accrued terminal and annual leave based upon his total years of service and on the basis of his last salary in the exempt class position and to pay said amounts, less the amount previously paid for petitioner's terminal leave, modified, on the law, without costs or disbursements, to provide a credit to appellants for the amount already paid petitioner for annual leave, and otherwise affirmed.

Petitioner was a uniformed member of the fire department, appointed as a competitive class member on October 10, 1959. On June 23, 1978, at a time when petitioner had the civil service rank of captain and served as acting battalion chief, he was appointed to the position of deputy fire commissioner, an exempt class position, and remained in that position until his retirement in February, 1982. Upon retirement, he received pension

253

benefits based upon his total years of service, including time in the exempt class position, computed in accordance with his salary as deputy fire commissioner.

The only issues in the proceeding are petitioner's entitlement to unused terminal and annual leave and the manner by which those benefits were to be computed. As a result of a mayoral directive, employees in agency policy-making positions were not permitted to exhaust unused vacation and terminal leave before the effective date of retirement but, in lieu thereof, were to be paid a lump sum representing accrued terminal and annual leave. It is conceded that the directive was to avoid delay in the appointment of successors.

In computing benefits at issue here, appellants paid a lump sum representing terminal leave for the period when petitioner was in the uniformed services (based upon his 1978 captain's salary) and accrued annual leave (based upon his captain's salary during the time he served in the competitive class and upon his deputy commissioner's salary during the period he served in the exempt position). Appellants contend that petitioner was not entitled to terminal leave during the three and one-half year period he served in the exempt class since, under Fire Department regulation 17.9.1, accrual of terminal leave was only accorded to "members" and, pursuant to section 11 of Personnel Order 78/9, a lump sum in lieu of terminal leave was to be based upon the employee's last salary in the uniformed, competitive class. They also rely upon section 5 of Personnel Order 78/9, providing for payment for unused annual leave "at the rate of pay at the time in which such annual leave was earned."

We agree with Special Term that, under the circumstances here, section 1104 of the New York City Charter renders inapplicable the provisions of Personnel Order 78/9. Section 1104, relating to the designation of officers or employees occupying positions in the competitive class to positions in the exempt class, provides that "[t]he officer or employee so designated shall retain all the rights, privileges and status of his position in the competitive class" (subd a) and directs as follows in subdivision d: "Service in such position in the exempt class shall be credited as service in the competitive class and the status of such officer or employee in respect to pensions *or otherwise* shall not be adversely affected by such designation." (Emphasis added.)

Applying the provisions of the City Charter here, petitioner was entitled to a lump sum in lieu of accrued annual and terminal leave based upon his total years of service, in competitive and exempt classes, computed on the basis of his salary at

the time of retirement. Such a construction is in conformity with the underlying purpose of the Charter provision that the officer or employee not be adversely affected by designation to an exempt position, permitting him to "retain all the rights, privileges and status of his position in the competitive class" and providing that service in the exempt class be credited as service in the competitive class "in respect to pensions or otherwise." Appellants contend that petitioner was well aware of the terminal and annual leave benefits contained in Personnel Order 78/9 when he was designated to the exempt position, the provisions of which benefited petitioner by entitling him to receive cash payments in lieu of accrued terminal and annual leave. Nevertheless, were it not for the mayoral directive precluding such executives from utilizing unused annual and terminal leave prior to their retirement, petitioner would have been able to exhaust his unused vacation time and terminal leave before retiring, at his then salary. To the extent that there is a conflict between the language contained in the Charter and that in departmental regulations and orders, the Charter must prevail.

While we agree with Special Term, the judgment must nevertheless be modified to provide credit for the annual leave already paid to petitioner. The judgment does include a credit for terminal leave benefits already paid but, through inadvertence, there is no similar provision for annual leave benefits previously paid. Concur — Asch, J. P., Silverman, Milonas and Kassal, JJ.