OPINION OF THE COURT
Bruce McM. Wright, J.
In this CPLR article 78 proceeding, petitioner, a former assistant corporation counsel, seeks an order directing respondent to recalculate petitioner’s terminal leave payments. Peti *155 tioner asserts that respondent’s computation of benefits upon petitioner’s retirement was arbitrary and capricious, and in violation of section 1104 of the New York City Charter. Specifically, petitioner claims that the lump-sum payment that he received upon retirement was erroneously calculated by applying the formula used for exempt managerial positions, as opposed to the formula used for the competitive class title.
Petitioner was appointed to the exempt class civil service title of assistant corporation counsel on July 1, 1958. On January 22, 1973 petitioner was promoted to the exempt class civil service title of assistant chief of the pensions division. On March 4, 1974, petitioner was appointed, based on a competitive examination, to a competitive class civil service title of senior attorney. However, on the same date as that appointment, petitioner was granted a leave of absence, without pay, from the competitive class title of senior attorney, so that he could continue to serve as assistant chief, pensions division, an exempt class title.
On March 3, 1975, petitioner was appointed, based on a competitive examination, to the competitive class civil service title of associate attorney. Once again, on the date of appointment, petitioner was granted a leave of absence from that title so that he could continue to serve in the exempt class title of assistant chief, pensions division. From March 3, 1975 until his retirement on July 1, 1985, petitioner continued on a leave of absence from his competitive class title, and served in the exempt class titles of assistant corporation counsel and senior assistant corporation counsel.
Upon his retirement, petitioner received a lump-sum payment that was calculated on the basis of his serving in the exempt class title. Citing section 1104 of the New York City Charter, and Matter of McLaughlin v Spinnato (106 AD2d 253), a First Department decision which discusses section 1104, petitioner claims that his lump-sum payment should have been calculated on the basis of petitioner’s competitive class title.
Section 1104 of the New York City Charter provides, in pertinent part:
"a. Notwithstanding any provision in this charter to the contrary, the mayor or head of an agency may designate any officer or employee occupying a position in the competitive class of the civil service to serve in a position in the exempt class, *156 and in such case, the officer or employee so designated shall thereupon enter upon and exercise all the powers and duties and receive the salary of such exempt position. The officer or employee so designated shall retain all the rights, privileges and status of his position in the competitive class * * *
"d. Service in such position in the exempt class shall be credited as service in the competitive class and the status of such officer or employee in respect to pensions or otherwise shall not be adversely affected by such designation.” (Emphasis added.)
In Matter of McLaughlin v Spinnato (supra), the First Department upheld a determination by Special Term that a member of the fire department who had been appointed to a competitive class position and who served in that position was entitled to a computation of benefits based upon the competitive class position, even though the member had later been appointed to, and served in, an exempt class position. In that decision, the Appellate Division emphasized that section 1104 directed that " '[sjervice in such position in the exempt class shall be credited as service in the competitive class and the status of such officer or employee in respect to pensions or otherwise shall not be adversely affected by such designation.’ (Emphasis added.)” (106 AD2d, supra, at 254.)
In opposition to this petition, respondent argues that unlike the situation in McLaughlin (supra), petitioner never "occupied” a competitive class title, because on both occasions that he was appointed to a competitive class title, he took a leave of absence from that title and served in an exempt class title.* However, respondent seems to be equating the term "occupy” with the term "serve”, even though those terms are not used interchangeably in section 1104.
Respondent also argues that applying the provisions of section 1104 to petitioner’s situation would result in an unwarranted benefit to petitioner, in that petitioner seeks the benefit of the competitive class status with respect to his lump-sum payment upon retirement, while petitioner received a higher salary in the exempt class title than he would have had he served in the competitive class title. However, this court can only apply the provisions of the city charter, in accordance with the language of those provisions and this department’s interpretation of that language.
*157 Furthermore, respondent’s argument that lump-sum payments upon retirement are not within the purview of section 1104 is unpersuasive in view of the express language of subdivision (d) of that section, as noted by the First Department in Matter of McLaughlin v Spinnato (106 AD2d 253, supra). While respondent suggests in its memorandum of law that the conclusion reached in McLaughlin (supra) "is not warranted by the language or purpose of section 1104,” this court does not sit in review of the Appellate Division’s holdings, an exercise reserved for the Court of Appeals.
The petition is granted to the extent that respondent is directed to recalculate petitioner’s entitlement to terminal leave payments in a manner consistent with section 1104 of the New York City Charter, that is, on the basis of petitioner’s annual salary of $50,103 on the date of his retirement, and accrued leave balances.

 It is noted that the petition erroneously alleged that petitioner actually served lAVi years in the competitive class position. Petitioner concedes in his memorandum that he never served in the competitive class position.